# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO L. LETT, | : | |
| Petitioner, | : | |
| vs. | : | CA 13-0558-KD-C |
| STATE OF ALABAMA, | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Antonio L. Lett filed a pleading, construed as a 28 U.S.C. § 2254 petition for writ of habeas corpus, in this Court on November 14, 2013 (Doc. 1), along with an affidavit of substantial hardship (Doc. 2). This prisoner action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon petitioner's failure to prosecute this action and comply with the Court's order dated November 19, 2013 (Doc. 3).

Because petitioner's petition (Doc. 1) and affidavit of substantial hardship (Doc. 2) were not filed on this Court's forms, by order dated November 19, 2013, the undersigned instructed Lett to file the appropriate form motion to proceed without prepayment of fees and this Court's form for a petition under 28 U.S.C. § 2254 (Doc. 3). Both the order and the correct forms were sent to Lett at the address provided to this Court and have not been returned to the Court. (*See* Doc. 3 & Docket Sheet.) In the order dated November 19, 2013, petitioner was informed that "[f]ailure to comply with this order within the prescribed time or to notify the Court of a change of address will result

in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order." (Doc. 3.) Petitioner was given a period of time, up to and including December 9, 2013, "to complete and file this Court's form for a petition under 28 U.S.C. § 2254 . . . and for a motion to proceed without prepayment of fees[.]" (*Id*.) To date, petitioner has not complied with this Court's order instructing him to file a completed habeas corpus petition on this Court's form or a completed motion to proceed without prepayment of costs and fees. (*See* Docket Sheet.)

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order dated November 19, 2013, instructing him to file an appropriate § 2254 petition and *in forma pauperis* motion not later than December 9, 2013. (*Compare* Docket Sheet *with* Doc. 3.) Therefore, it is recommended that the Court **DISMISS**, without prejudice, Lett's habeas action pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of December, 2013.

     s/WILLIAM E. CASSADY
     **UNITED STATES MAGISTRATE JUDGE**